**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4299**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY THOMAS GREGORY, II,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00086-TSK-MJA-1)

_____

Submitted:  May 21, 2024                        Decided:  May 23, 2024

_____

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF**: Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Thomas Gregory II pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). The district court sentenced him to 235 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether (1) Gregory's appeal waiver is enforceable; (2) Gregory's guilty plea is valid; and (3) Gregory's sentence is reasonable. In pro se supplemental briefs, Gregory raises various claims of ineffective assistance of counsel related to his plea agreement and notes that his codefendant received a lower sentence than him. The Government moves to dismiss Gregory's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

The waiver provision in the plea agreement does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Gregory did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Gregory entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea and all elements of his offense, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

2

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Gregory knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by *Anders* counsel and Gregory fall squarely within the waiver's scope.

Gregory's ineffective assistance of counsel claims fall outside the scope of the appeal waiver. To demonstrate ineffective assistance of trial counsel, Gregory "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised, if at

3

all, in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Gregory's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Gregory, in writing, of the right to petition the Supreme Court of the United States for further review. If Gregory requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gregory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4